ASCENSION LAW GROUP
PAMELA TSAO (266734)
12341 Newport Ave., Suite B200
North Tustin, CA 92705
PH: 714.783.4220
FAX: 888.505.1033
Pamela.Tsao@ascensionlawgroup.com

Attorneys for Plaintiff JOHN HO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HO, an individual<br><br>   Plaintiff,<br><br>  vs.<br><br>KJG CAPITAL, LLC, a limited liability company<br><br>   Defendants. | Case No.: 2:24-cv-1080<br><br>**COMPLAINT FOR**<br><br>**(1) VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CALIFORNIA CIVIL CODE §§ 51, 52);**<br><br>**(2) VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990** |

**COMPLAINT**
**CASE NO.: 2:24-CV-1080**

# I.
# SUMMARY

1. This is a civil rights action by plaintiff John Ho ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding shopping center bearing the legal address of 7106 Compton Ave, Los Angeles, CA 90001-2528, Los Angeles County, and encompassing the entire exterior parking lot identified as APN 6010-041-025 where the business the "Hola Donuts and Water" operates (the "Property"). Plaintiff frequents the area for dining, shopping and entertainment as the area is near his residence. In this particular instance, Plaintiff desired to patronize the "Hola Donuts and Water" business located on the property.

2. Plaintiff seeks damages, injunctive and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101, et seq.) and related California statutes[1] against the owners of the property KJG CAPITAL, LLC, a limited liability company ("Defendant").

# II.
# JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C § 1367.

5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III.
# VENUE

6. All actions complained of herein take place within the jurisdiction of the

---

[1] Plaintiff is not currently asserting a cause of action under California Civil Code § 55, but may amend his complaint at a later time upon discovery of facts which give rise to such a claim.

1

COMPLAINT
CASE NO.: 2:24-CV-1080

United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c)

### IV.
### PARTIES

**7.** On information and belief, Plaintiff alleges that Defendant is or was at the time of the incident, the owner, operator, lessor and/or lessee of the Property, and consist of a person (or persons), firm, company, and/or corporation.

**8.** Plaintiff is a T-12 paraplegic, and as a result is unable to walk or stand, and thus requires a use of a wheelchair at all times when traveling in public. Plaintiff is "physically disabled" as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws. Plaintiff is a resident of Los Angeles County, California. Plaintiff is considered a high frequency litigant as that term is defined in California Code of Civil Procedure § 425.55(b). In the twelve months preceding the filing of this complaint, Plaintiff filed fifteen (15) other construction accessibility related claims (not including this one).

### V.
### FACTS

**9.** On February 17, 2022, Plaintiff patronized the Property. The Property is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

**10.** Plaintiff visited the Property and encountered barriers (both physical and intangible) that interfered with – if not outright denied – Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the facility. To the extent known by Plaintiff, the barriers at the Property included, but are not limited to the following:

   a. Parking spaces designated as accessible and accompanying access aisles have slopes and/or cross slopes that exceed 2.0%. Without a level

        parking space, it is difficult for Plaintiff to unload/transfer from a vehicle as his wheelchair rolls.

   b. To access the sidewalks and stores, Plaintiff must traverse up a built-up curb ramp that is too steep. To the extent that the curb ramp is intended to be a ramp, it does not have the necessary railings for Plaintiff to safely maneuver up and down.

   c. Accessible parking spaces are not properly marked and maintained. For example, pavement marking is severely faded making it difficult for Plaintiff to determine which spaces will accommodate Plaintiff's disability. Additionally, there is loose gravel and broken pavement within accessible parking spaces and access aisles. These conditions make it difficult for Plaintiff as small loose pieces of gravel can get caught in Plaintiff's wheelchair causing him to lose balance and tip over.

11. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuits standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008). These barriers prevented Plaintiff from enjoying full and equal access to the Property.

12. Plaintiff thus experienced difficulty and discomfort as a result of the accessible barriers he encountered. Although he would like to return to the Property to patronize the convenience store at the Property, he continues to be deterred from visiting the Property because of the future threats of injury created by these barriers. Plaintiff often frequents the area as he enjoys the shops and dining offered in the area. Within 6 months of the correction of any barriers, Plaintiff would return to the Property to not only patronize the stores on the Property, but to also ensure that the barriers have been correctly remediated and/or removed.

13. On information and belief, Plaintiff alleges that Defendant knew that

these elements and areas of the Property were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendant has the financial resources to remove these barriers from the Property (without much difficult or expense), and make the Property accessible to the physically disabled.  To date, however, the Defendant refuses to remove those barriers.

14.   On information and belief, Plaintiff alleges that at all relevant times, Defendant has possessed and enjoyed sufficient control and authority to modify the Property to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendant has not removed such impediments and have not modified the Property to conform to accessibility standards.

## VI.   FIRST CAUSE OF ACTION: VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE §§ 51, 52 AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

15.   Plaintiff incorporates the allegations contained in paragraphs 1 through 14 for this claim and incorporates them herein.

16.   At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of disability or medical condition:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.  Cal. Civ. Code § 51(b).

4
COMPLAINT
CASE NO.: 2:24-CV-1080

17. California Civil Code § 52 provides that the discrimination against Plaintiff on the basis of his disabilities constitutes a violation of the anti-discrimination provisions of §§ 51 and 52.

18. Defendant's discrimination constitutes a separate and distinct violation of California Civil Code § 52 which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5 or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5 or 51.6.

19. Plaintiff continues to be deterred from visiting the Subject Property based upon the existence of the accessible barriers. In addition to the instance of discrimination occurring in February 2022, Plaintiff is entitled to $4,000.00 in statutory damages for each additional occurrence of discrimination under California Civil Code § 52.

20. Any violation of the Americans with Disabilities Act of 1990 (as pled in the Third Cause of Action) constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law. Per § 51(f), "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 … shall also constitute a violation of this section."

21. The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. As a proximate

result of Defendant's action and omissions Defendant has discriminated against Plaintiff in a violation of Civil Code §§ 51 and 51.

## VII.

## SECOND CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 USC §§ 12101 *et seq.*)

22. Plaintiff incorporates the allegations contained in paragraphs 1 through 21 for this claim and incorporates them herein.

23. As part of the Americans with Disabilities Act of 1990 ("ADA"), Congress passed "Title III – Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 et seq. The Property is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "restaurant, bar, or other sales or rental establishment serving food or drink." § 301(7)(B).

24. The ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.

25. The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

26. On information and belief, Plaintiff alleges that the Property was constructed or altered after January 26, 1993 thus triggering requirements for removal of barriers to access for disabled persons under § 303 of the ADA. Further on information and belief, Plaintiff alleges that removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards §§ 301 and 302 of the ADA. As noted

hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per § 302(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were readily achievable.

27. On information and belief, as of the date of Plaintiff's encounter at the Property and as of the filing of this Complaint, the Defendant denies and continues to deny full and equal access to Plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate plaintiff's rights to full and equal access and which discriminate against Plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 302 and 303 of the ADA. 42 USC §§ 12182 and 12183.

28. On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to access this public accommodation since on or before Plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

29. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a

qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

## PRAYER

WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

1. Issue a preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including but not limited to persons with physical disabilities who use wheelchairs, and issue a preliminary and permanent injunction directing Defendant to provide and maintain facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2. Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award to Plaintiff prejudgment interest pursuant to California Civil 17 Code§ 329;

6. Grant such other and further relief as this Court may deem just and proper.

ASCENSION LAW GROUP, PC

DATE: February 8, 2024

<u>/s/Pamela Tsao</u>

Pamela Tsao, attorney for Plaintiff

JOHN HO

9

**COMPLAINT**
**CASE NO.: 2:24-CV-1080**

# **VERIFICATION**

I, John Ho, the plaintiff in this action, declare under penalty of perjury that I have reviewed the foregoing Verified Complaint. The allegations made therein are based upon personal knowledge known to me to be true and that everything represented here is true and correct. As to those allegations that I do not have personal knowledge of, such allegations are believed to be true based on specified information, documents, or both.

Dated: February 8, 2024

                                                             John Ho
                                                             Plaintiff